**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KEVIN AND DENISE CULLEY on behalf of J.C., | : | 1: 15-cv-857 |
| Plaintiffs, | : | Hon. John E. Jones III |
| v. | : | |
| THE CUMBERLAND VALLEY SCHOOL DISTRICT, | : | |
| Defendant. | : | |

**MEMORANDUM**

**February 29, 2016**

Plaintiffs Kevin and Denise Culley bring this action appealing the Order of a Due Process Special Education Hearing on behalf of their child, J.C., against Defendant Cumberland Valley School District. Presently pending before the Court is Defendant's Motion to Dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 7). For the reasons that follow, this motion shall be granted.

## I. PROCEDURAL HISTORY

This procedural history shall be abbreviated, as it is recited solely for the benefit of the parties.

On May 3, 2015, Plaintiffs filed a Complaint against Defendant Cumberland Valley School District, appealing the Order of the Due Process Special Education Hearing of February 3, 2015, with regard to their child, J.C. (Doc. 1). Plaintiffs' cause of action arises under the Individuals with Disabilities Education Act, (hereafter "IDEA"), 20 U.S.C. § 1400 *et seq.* and Section 504 of the Rehabilitation Act of 1973, (hereafter "Section 504"), 29 U.S.C. § 794 *et seq.*, and their implementing regulations.

Defendant filed the instant motion to dismiss on July 22, 2015. (Doc. 7). It filed a brief in support on the same day. (Doc. 8). The administrative record was filed under seal on September 9, 2015. (Doc. 16).

Upon prompting from the Court, Plaintiffs filed a very late brief in opposition to the motion on January 31, 2016. (Doc. 20). No reply brief was filed during the permitted time.

The motion has been fully briefed and is thus ripe for our review.

## II. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292

F.3d 361, 374 n.7 (3d Cir. 2002)). In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . ." *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Accordingly, to satisfy the plausibility standard, the complaint must indicate that defendant's liability is more

than "a sheer possibility." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 679. Next, the district court must identify "the 'nub' of the . . . complaint – the well-pleaded, nonconclusory factual allegation[s]." *Id.* Taking these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief. *See id.*

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips*, 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 556-57). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

## III. FACTUAL SUMMARY

In accordance with the standard of review applicable to a motion to dismiss, the following facts are derived from Plaintiffs' Complaint and viewed in the light most favorable to Plaintiffs.

Plaintiffs' child, J.C., has a "life threatening illness" which has caused J.C.'s physical and cognitive abilities to deteriorate since 2004. (Doc. 1, ¶¶ 9-10). J.C.'s academic performance and behavior have deteriorated since 2004, as well. Plaintiffs allege that the Defendant failed to evaluate J.C. for IDEA eligibility or Section 504 Services from 2004 to 2014 when Plaintiffs requested an IDEA evaluation.

The Defendant responded to J.C.'s behavior, which resulted from J.C.'s medical condition, with punitive disciplinary actions and ignored his academic needs. (*Id.*, ¶ 13). Defendant ultimately conducted an expulsion hearing in response to J.C.'s behavior. (*Id.*, ¶ 15).

J.C. attended a vocational school for half the school day during the 2013-2014 school year and received direct support, which resulted in more success academically and no behavior-related incidents. (*Id.*, ¶ 14).

The Defendant found J.C. to be eligible for a Section 504 Service Plan in March of 2014. (*Id.*, ¶ 16). The Defendant issued an Initial Evaluation Report in May of 2014, which contained the conclusion that J.C. was not eligible for IDEA

special education services. (*Id.*, ¶ 17). Plaintiffs then requested, and the Defendant approved, an IDEA Independent Educational Evaluation, (“IEE”). The IEE Evaluator found J.C. to have dual eligibility as an eligible student in the categories of “Other Health Impairment” and “Specific Learning Disability.” (*Id.*, ¶¶ 18-19).

J.C. subsequently moved to a neighboring school district for the 2014-2015 school year, where he was determined to be eligible for IDEA services. (*Id.*, ¶ 20).

In January of 2014, Plaintiffs filed for a Due Process Hearing, seeking IDEA and/or Section 504 eligibility for services for J.C., a determination concerning acts of discrimination pursuant to Section 504, and compensatory education. (*Id.*, ¶ 21). Brian Ford, a Special Education Hearing Officer, was assigned to the Parents’ Complaint by the Office for Dispute Resolution. (*Id.*, ¶ 22). Three Due Process Hearing sessions were held in August, October, and December of 2014. (*Id.*, ¶ 24). Special Educator Officer Brian Ford issued a decision on February 3, 2015, denying all relief requested by Plaintiffs. (*Id.*, ¶ 25).

## IV. DISCUSSION

Defendant first argues that the Complaint should be dismissed because Plaintiffs merely assert they are appealing the ruling of the Hearing Officer, but provide no facts to suggest they are entitled to relief. Further, Defendant argues that Plaintiffs make no allegation that the Hearing Officer committed an error of factfinding or an error of law. Second, Defendant argues that Plaintiffs’ claim

seeking monetary damages also fails because of a failure to plead facts showing an entitlement to this form of relief. We shall address each argument in turn.

"The IDEA is a comprehensive scheme of federal legislation designed to meet the special educational needs of children with disabilities." *M.A. v. State–Operated Sch. Dist. of City of Newark*, 344 F.3d 335, 338 (3d Cir.2003). In order for states to receive federal funding for the provision of educational services to children with disabilities, they must "meet a number of substantive and procedural criteria." *Id.* at 338. In order to receive such funding, states must ensure that each student with a disability receives a free and appropriate public education, or "FAPE." *See James S. ex rel. Thelma S. v. School Dist. of Philadelphia*, 559 F.Supp.2d 600, 612 (E.D. Pa. 2008) (citing 20 U.S.C. § 1412(a)(1)).

In order for a student to be eligible for IDEA services, then, the student must have a disability. The IDEA defines a "child with a disability" as a child:

> (i) with intellectual disabilities, hearing impairments (including deafness), speech or language impairments, visual impairments (including blindness), serious emotional disturbance (referred to in this chapter as "emotional disturbance"), orthopedic impairments, autism, traumatic brain injury, other health impairments, or specific learning disabilities; and
> (ii) who, by reason thereof, needs special education and related services.

20 U.S.C. § 1401(3)(A).

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason or her or his disability, be

excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). To state a claim under Section 504, then, Plaintiffs must allege that (1) J.C. "is disabled as defined by the Act"; (2) J.C. "is 'otherwise' qualified to participate in school activities"; (3) the Defendant school district "receives federal financial assistance"; and (4) J.C. "was excluded from participation in, denied the benefits of, or subject to discrimination at, the school." *See Tereance D. ex rel. Wanda D. v. School Dist. of Philadelphia*, 548 F.Supp.2d 162, 168 (E.D. Pa. 2008) (citing *W.B. v. Matula*, 67 F.3d 484, 492 (3d Cir. 1995)). The Rehabilitation Act defines an "individual with a disability" as, "*inter alia*, any person who 'has a physical or mental impairment which substantially limits one or more of such person's major life activities.'" *D.G. v. Somerset Hills School Dist.*, 559 F. Supp. 2d 484, 496 (D.N.J. 2008) (citing 29 U.S.C. § 705(20)(B)). Additionally, Plaintiffs must allege that the District "must know or be reasonably expected to know of" J.C.'s disability. *Matula*, 67 F.3d at 492 (quoting *Nathanson v. Medical College of Pennsylvania*, 926 F.2d 1368, 1380 (3d Cir. 1991)).

In the matter *sub judice*, the Complaint states that Plaintiffs are appealing the Hearing Officer's conclusions that J.C. is not eligible for special education services and compensatory education pursuant to IDEA; that J.C. was not eligible for Section 504 services prior to March of 2014 and was not eligible for Section 504

compensatory education; and that J.C. has not been discriminated against pursuant to Section 504. (Doc. 1, ¶ 1). Beyond that, the Complaint provides very few factual allegations that would rise to the level of stating a plausible claim for relief under IDEA or Section 504. Indeed, the Complaint fails to even allege that J.C. is disabled as defined by IDEA or the Rehabilitation Act—the Complaint continually refers to J.C. as having a "life threatening illness" or a "medical condition," which is not synonymous with being classified as disabled under the relevant statutes. *See James S. ex rel. Thelma S.*, 559 F.Supp.2d at 620 (citing to multiple references in plaintiff's complaint alleging the student had specific disabilities and concluding that the "disability" requirement of a Section 504 claim had been satisfied). With regard to the IDEA claim, even assuming J.C.'s medical condition rises to the level of a disability, Plaintiffs have also failed to allege that this disability *caused* J.C. to need special education services. Thus, Plaintiffs have failed to allege facts stating a plausible claim that J.C. is a "child with a disability" under IDEA.

With regard to Plaintiffs' claim(s) under Section 504, they have also failed to allege that J.C. is otherwise qualified to participate in school activities and that the Defendant receives federal financial assistance. *Cf. D.G.*, 559 F. Supp. 2d at 497-498 (finding that plaintiffs had adequately alleged the elements of a Section 504 claim against the defendant school district). Because Plaintiffs have not adequately pled J.C. has a disability, they also fail to establish the fourth element

of a Section 504 claim. Plaintiffs assert that J.C. was discriminated against, insofar as persons "who were not trained us[ed] inappropriate physical restraint and assault[ed] the student . . . ." (Doc. 1, ¶ 23), but, as Defendant argues and Plaintiffs do not contest in their brief, they fail to provide any facts showing that such alleged discrimination was due to J.C.'s disability, assuming for the sake of this argument that J.C. has one. *See Andrew M. v. Delaware Cnty. Office of Mental Health and Mental Retardation*, 490 F.3d 337, 350 (3d Cir. 2007) (citing *Menkowitz v. Pottstown Mem'l Med. Ctr.*, 154 F.3d 113, 124 (3d Cir. 1998) ("holding that the disability must be the cause of the discrimination or denial of benefits or services" for a Section 504 claim).

Additionally, as Defendant contends, the Complaint does not allege any specific errors of fact or law made by the Hearing Officer. Even though it is clear that Plaintiffs disagreed with the ultimate conclusions of the Hearing Officer, Plaintiffs provide this Court with no factual allegations or even legal argument as to why this Court should reach different conclusions. In order to survive a motion to dismiss, a complaint must state a plausible claim for relief; at this juncture, Plaintiffs' right to relief is entirely speculative.

We further note that Plaintiffs made no effort in their brief in opposition to the motion – consisting of only a two-paragraph argument -- to explain why their Complaint states a plausible claim. They fail to cite to any case law or to their

Complaint to show the Court why the Complaint in its current iteration should survive. We are not here to do Plaintiffs' job for them. Plaintiffs' only argument is that this Court was presented with a "nearly identical" motion to dismiss by the same Defendant in a prior case, *I.H. ex rel. D.S. v. Cumberland Valley School Dist.*, No. 11-cv-574, 842 F. Supp. 2d 762 (M.D. Pa. 2012), and there the Court granted in part and denied in part the motion to dismiss. However, the complaint in that matter was much more detailed and comprehensive in its factual allegations. Further, the complaint specifically referenced how the Hearing Officer had erred. We also note that Defendant in that matter raised very different arguments in its motion to dismiss—the Court is unclear on what grounds Plaintiffs believe the motion to dismiss to be "nearly identical" to the one before the Court now.

Accordingly, because the bare-bones Complaint fails to state any plausible claim for relief, we shall grant Defendant's motion to dismiss. Also, because we are dismissing the Complaint, we will not address at this juncture Defendant's additional argument that Plaintiffs fail to state a claim for monetary damages. But we do note that because Plaintiffs' brief wholly fails to address this argument, they have in effect waived their opposition to Defendant's request for dismissal of their monetary damages claim. *See Hanoverian, Inc. v. Pa. Dep't of Envtl. Prot.*, No. 1:07-cv-00658, 2008 WL 906545, at *16 (M.D. Pa. Mar. 31, 2008) ("[W]hen a plaintiff files a response to a motion to dismiss but fails to address certain

arguments made by the defendant, the court may treat those arguments as conceded.”) (quoting *Williams v. Savage*, 538 F. Supp. 2d 34, 41 (D.D.C. 2008)). Indeed, Plaintiffs failed to address any of the specific arguments raised by Defendant in its motion and brief.

## V. CONCLUSION

For the reasons stated herein, the Court shall grant Defendant’s motion to dismiss. Our initial inclination was to dismiss this case without leave to amend; however, out of an abundance of caution, we shall grant such leave to Plaintiffs, in the event they possess factual allegations which cure the pleading deficiencies detailed above.

An appropriate Order shall follow.